IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTIMUS A. COLLIER, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-344-GPM |
| ) | |
| SGT. GIBBS, ) | |
| ) | |
|     Respondent. ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

  This matter is before the Court on Petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner also filed a motion to proceed *in forma pauperis*. Based on the financial information provided with the motion, Petitioner's motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED.**

  Petitioner is a federal defendant currently confined at the Alton Law Enforcement Center awaiting sentencing by the Honorable David R. Herndon, Chief United States District Judge for the Southern District of Illinois. In October 2009, Petitioner pleaded guilty – with a written plea agreement – to possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *United States v. Collier*, Case No. 09-cr-30076-DRH (S.D. Ill.). In this habeas action, Petitioner contends that his current confinement is illegal because it is not supported by probable cause in violation of his Fourth Amendment rights.

  Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides

that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Because Petitioner has not yet been sentenced, he may not take advantage of the remedy provided by 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) (prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate it). He also is not entitled to relief under § 2241.

First, Petitioner entered into a written plea agreement waiving his right to seek collateral relief, including relief pursuant to 28 U.S.C. §§ 2241 and 2255. *United States v. Collier*, Case No. 09-30076 (S. D. Ill., Plea Agreement filed Oct. 8, 2009). The Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999); *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190; *see also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

Second, Petitioner's plea agreement and his written stipulation of facts completely eviscerates any claim that his current confinement is without probable cause. In short, Petitioner cannot have it both ways. He cannot maintain in front of Chief Judge Herndon that he committed the offenses charged but claim in this civil action that there is no probable cause that he committed those very same offenses.

Accordingly, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is summarily **DISMISSED** with prejudice.  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED:  08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
